**UNITED STATES of America, Plaintiff,**

**v.**

**Ronald PRICE, Defendant.**

**No. 24007–1.**

United States District Court, W. D. Missouri, W. D.

April 9, 1974.

Bert. E. Hurn, U. S. Atty., Kansas City, Mo., Robert G. Ulrich, Asst. U. S. Atty., for plaintiff.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

This case pends on defendant's motion to dismiss. Defendant alleges that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment; that the delay between the time of indictment, the arrest of the defendant, and the time of trial was unreasonable and in deprivation of his right to due process of law, as guaranteed by the Fifth Amendment; and suggests that under the circumstances there was "unnecessary delay in bringing [the] defendant to trial," within the meaning of Rule 48(b) of the Federal Rules of Criminal Procedure.

The practically undisputed factual circumstances were established at a plenary evidentiary hearing held April 5, 1974. We have considered defendant's suggestions filed in support of his motion, the suggestions initially filed by the government on April 5, 1974, and the government's supplemental suggestions filed April 8, 1974. We find and conclude that defendant's motion must be granted for the reasons we now state.

## II.

The parties stipulated that the indictment was returned in open court and filed on October 5, 1972. The government routinely sought and obtained an order from Judge Collinson for a warrant of arrest on the same day. The Clerk's office issued a warrant on October 6, 1972. That warrant and the date stamp of the Marshal's office show that the warrant was delivered to the Marshal on October 12, 1972. The warrant, however, failed to furnish the Marshal any address or any other information about where the defendant might be found. A second stamp of the Marshal's office carries the date of March 21, 1974, and the Marshal's return reflects that the defendant was arrested on that date. Other evidence established that the defendant had again been arrested by the Kansas City Police Department on March 16, 1974, and that the federal arrest followed as a result of some sort of communication from the State authorities.

The government offered no explanation as to why or how the federal authorities happened to have been notified in connection with defendant's most recent arrest by the Kansas City Police Department in this instance, in light of the undisputed fact that defendant had been arrested by the Kansas City Police Department on at least four other occasions between the time defendant was indicted and his most recent arrest.

The defendant, through witness Brooks, established beyond question that the defendant has regularly been in Kansas City, Missouri since at least February, 1972, to the present time. He has regularly participated in a methadone program and Mr. Brooks, whom we find to be a credible witness, testified fully about defendant's regular participation in that program. He also testified that if any federal officer had made inquiry he would have advised such officer of defendant's whereabouts.

Officer Weston, of the Kansas City Police Department, produced the records of that Department which established not only the fact that defendant had been in custody numerous times between the time of his federal indictment and his most recent federal arrest, but that the Kansas City Police Department could and would have given any federal official who made inquiry numerous addresses where defendant had resided over the past ten years. Officer Weston also testified that no federal official ever made any inquiry in regard to the defendant and that if such inquiry had been made, it would have been promptly furnished.

The defendant testified that in light of the lapse of time he had no recollection where he may have been on July 20, 1972, the date of the offense alleged in Count I, of the indictment or where he may have been·on August 4, 1972, the date of the alleged offense in Count II of the indictment.

A member of the Kansas City Police Department, Officer Frazer, was the sole witness called by the government. He testified that he was on some sort of loan arrangement to D.A.L.E. as an under-cover officer and that he was the responsible investigative official for the federal government at the time of defendant's indictment. He testified that after the indictment was returned, he had made an unsuccessful effort to arrest the defendant by going to places where some unidentified informant advised him the defendant might be found. He further testified that the fact that the defendant had not been arrested was reported with great frequency at various staff meetings which he attended but that neither he nor to his knowledge any other official acting with federal authority ever made inquiry of the Kansas City Police Department or of any one else in regard to the whereabouts of the defendant. Officer Frazer did know that the defendant had not been arrested at the time he was reassigned to full duty for the Kansas City Police Department.

Officer Frazer further testified that had routine arrest procedures been requested and followed, defendant would have been arrested by the Kansas City Police Department within a two week period at the most. This witness also testified that defendant's arrest was not delayed for any legitimate police purpose, such as the concealment of the identity of the informer, or any other purpose.

The government adduced no evidence to attempt to explain or justify its obvious lack of attention to this case which has resulted in the lapses of time above stated. We find that the delay in bringing the defendant to trial was unnecessary within the meaning of Rule 48(b) of the Rules of Criminal Procedure.

### III.

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), Mr. Justice Powell noted that the "right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused." He pointed out in that case that "the amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived." That case appropriately noted that "this is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried."

The promulgation of Rule 50 of the Rules of Criminal Procedure, which requires that "preference shall be given to criminal proceedings as far as practicable" and of Rule 48(b), which provides that "if there is unnecessary delay in bringing a defendant to trial, the [trial] court may dismiss the indictment," reduced the difficulty of applying a strictly constitutional standard in the federal system. Barker v. Wingo, in footnote 36 on page 533 of 407 U.S., on page 2193 of 92 S.Ct., directed attention to what it described as Judge Frankel's "excellent opinion" in United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968),

as "an example of how the speedy trial issue should be approached." Judge Frankel, we believe properly, directed particular attention to the cases which have held "that Criminal Rule 48(b), by providing for dismissal for [an] unnecessary delay, goes beyond the Sixth Amendment and supplies broader grounds for the exercise of discretion in dismissing indictments for want of prosecution."

United States v. DeLeo, (1st Cir. 1970) 422 F.2d 487, cited and relied upon by the government in this case, explicitly noted its agreement "that Rule [48(b)] imposes a more stringent standard than the Sixth Amendment." *DeLeo* relied upon Judge, now Mr. Justice, Blackmun's opinion in Hodges v. United States, (8th Cir. 1969) 408 F.2d 543. Mr. Justice Blackmun noted at the outset of his careful opinion in *Hodges* that the "cases recognize that the Sixth Amendment guarantee and a defendant's right under Rule 48(b) are not co-extensive." In *Hodges*, a case involving a shorter period of time between indictment and trial than that presented in this case, Mr. Justice Blackmun felt required to state the following by way of caveat:

> The government and, for that matter, the trial court are not without responsibility for the expeditious trial of criminal cases. . . . The United States Attorney has a duty to press criminal cases to trial, to give them any necessary priority, and to prevent, whenever possible, even the suggestion of staleness. . . . [A] staleness suggestion, which has any justification for its utterance, reflects on the court itself and on the administration of federal justice. See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, § 1.2 (1967). [408 F.2d at 551]

The defendant cites and relies upon cases involving narcotics violations as reflected by Ross v. United States, (1965) 121 U.S.App.D.C. 233, 349 F.2d

210, and its progeny. Jones v. United States, (1968) 131 U.S.App.D.C. 88, 402 F.2d 639, which reversed the trial court's denial of a motion to dismiss in a case involving a seven month delay in appellant's arrest, stated the applicable rule as articulated in *Ross* as follows:

> A defendant's rights under *Ross* are violated when there is an unreasonable lack of diligence on the part of the police in making an arrest which renders the defendant unable to remember and account for his whereabouts at the time of the crime. Where the delay is for a valid purpose, such as protecting the identity of an informer, that factor can be weighed against the prejudice to the defendant. [402 F.2d at 641]

The Eighth Circuit considered *Ross* in Terlikowski v. United States, (8th Cir. 1967) 379 F.2d 501, but distinguished that case on its facts. After distinguishing Ross, however, Judge Mehaffy carefully noted that:

> We do not intend any implication that an inordinate or prejudicial delay between an offense and prosecution could not constitute a denial of due process. . . . Fed.R.Crim.P. 48 (b) specifically authorizes the trial court to dismiss an indictment if there is unnecessary delay in presenting the charge to the grand jury or in bringing a defendant to trial. [379 F.2d at 505]

■ We believe that part of the gloss implicit in Hodges v. United States requires that we focus on Rule 48(b) and thereby render it unnecessary to rule the more complicated question presented under the Fifth and Sixth Amendments. Under the factual circumstances developed at the evidentiary hearing we find and conclude that there was an unreasonable lack of diligence upon the part of all persons responsible for the expeditious trial of this case. It should have

been obvious to the prosecution that until the warrant sought by the United States Attorney's office had in fact been served, none of the orderly steps designed to meet the requirements of Rules 48(b) and 50 could possibly be taken. We further find and conclude that the defendant was in fact prejudiced by the lapse of time between the dates of the alleged offenses and the date of his trial.

We are convinced that the manner and attention given this case produced more than the suggestion of staleness against which Mr. Justice Blackmun warned in Hodges v. United States and that any refusal on the part of this Court to exercise its discretion under Rule 48(b) would be both arbitrary and capricious. If Rule 48(b) is not applicable to the undisputed facts in this case, we would face difficulty in applying that Rule in future cases.

■ We recognize, of course, that the remedy of dismissal is indeed a serious consequence. But the Supreme Court in Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), in a case involving only a ten-month delay, unanimously concluded that dismissal was the exclusive remedy available in regard to a determination that a particular defendant was in fact denied his rights to a speedy trial. The real remedy lies in designing and following procedures which will effectively prevent a repetition of the circumstances which occurred in this case. Our refusal to exercise the discretion vested by Rule 48(b) to impose an admittedly severe sanction would but tend to encourage rather than prevent the repetition of the circumstances of this case.

For the reasons stated, it is

Ordered that the defendant's motion to dismiss the indictment should be and the same is hereby granted with prejudice and the defendant is ordered discharged.